**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GERALDINE BELTON** | **CASE NO.  6:21-CV-03650** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **NATIONSTAR MORTGAGE L L C** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is "Defendant Nationstar Mortgage LLC D/B/A Champion Mortgage's Motion *In Limine* to Exclude and/or Limit the Testimony of Andy Householder" (Doc. 35).[1]

## INTRODUCTION

On October 9, 2023, Hurricane Delta made landfall near Lake Charles, Louisiana. During the relevant time period, Plaintiff's property, located in Opelousas, Louisiana, was mortgaged by Nationstar Mortgage LLC D/B/A Champion Mortgage ("Champion"). In her Complaint, Plaintiff alleges that she was informed by Champion that it would not release an insurance check from USAA because Champion required a licensed contractor to perform the necessary work to the home.[2] Plaintiff further alleges that Champion's decision to require her to obtain a Louisiana licensed contractor was arbitrary and capricious, which caused damage to her and her home.[3]

---

[1] Mr. Householder is employed by Audubon Consulting and Testing ("Audubon").
[2] Doc. 1.
[3] *Id.*

Plaintiff claims that she repeatedly contacted Champion as to the status of the check and was told that Champion required her to hire a Louisiana licensed contractor to repair her roof.  In response, Plaintiff repeatedly informed Champion that she had diligently sought a Louisiana licensed contractor, but due to the extensive damage in Calcasieu Parish caused by Hurricanes Laura and Delta, Plaintiff had been unable to find a Louisiana licensed contractor.[4]

According to the expert report by Alexis Mallet, Champion's claim notes suggest that Plaintiff made her Hurricane Delta claim on April 19, 2021. Plaintiff complains that during the interim, her home continued to suffer damage due to rainfall to the interior, which has allegedly caused mildew and rot spread throughout the home.[5] Champion's defense is that Plaintiff failed to mitigate her damages by not making temporary or emergency repairs to prevent the complained of damages.

The bench trial of this matter is currently set for November 6, 2023. Specifically, Champion maintains that Householder's opinions are not reliable, he is not qualified, and his "expert report" does not comply with the Federal Rules of Civil Procedure.

## LAW AND ANALYSIS

The trial court serves as gatekeeper in determining the admissibility of expert testimony, by making an initial determination of whether the expert's opinion is relevant and reliable. *See Daubert*, 509 U.S. at 589. This gatekeeping function extends to all expert testimony, whether scientific or not. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). Accordingly, Federal Rule of Evidence 702 provides that the court must consider the following three requirements on challenges to experts: 1) qualifications of the expert witness;

---

[4] Doc. 1, Complaint.
[5] *Id.*

2) relevance of the proposed testimony; and 3) reliability of the principles and methodology on which the testimony is based.[6] The proponent of the expert testimony bears the burden of proving its admissibility, by a preponderance of the evidence. *Mathis v. Exxon Corp.*, 302 F.3d 448, 459–60 (5th Cir. 2002).

The trial court has broad latitude in determining the admissibility of expert testimony. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004). Rejection of expert testimony is the exception rather than the rule, and the court's role as gatekeeper "does not replace the traditional adversary system and the place of the jury within the system." *Johnson v. Samsung Electronics Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011); *Scordill v. Louisville Ladder Grp., LLC*, 2003 WL 22427981, at *3 (E.D. La. Oct. 24, 2003). Instead, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Scordill*, 2003 WL 22427981 at *3 (quoting *Daubert*, 509 U.S. at 596).

First, Champion complains that Householder is not qualified to prepare an expert report and/or to give expert testimony. Plaintiff retained Householder (Audubon) to review and provide an opinion related to Plaintiff's Hurricane Delta loss claim. In response to Householder's "expert report", Champion retained its own expert, Alexis Mallet, Jr., President of First General Services of the South, Inc. ("FGS") to inspect Plaintiff's property and address the scope of the damage claimed by Plaintiff and to rebut the opinions of Householder.

---

[6] The *Daubert* Court identified several additional factors for assessing whether the expert's methodology is valid and reliable, including whether the expert's theory had been tested and subjected to peer review, the known or potential error rate for the expert's theory or technique, the existence and maintenance of standards and controls, and the degree to which the technique or theory has been generally accepted in the scientific community. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 275 (5th Cir. 1998). However, the same standards cannot be applied to all possible fields of expertise. Accordingly, the *Daubert* analysis is necessarily flexible and fact-specific. *Kumho*, 526 U.S. at 150.

Champion argues that Householder's conclusions are not based on any actual evidence or analysis, rendering them void of any indicia of reliability.  Champion notes the following problems with Householder's report:

> • FGS did not note any research or reliance material documented in the Audubon Report;
> • It is not known upon what research or reliance materials the author relied;
> • FGS cannot verify any information upon which Audubon relied to produce its report;
> • FGS notes no microbial testing was performed by Audubon to verify its observations;
> • FGS finds Audubon does not take into consideration the Belton's failure to mitigate the damages to the home thereby allowing damages to unnecessarily increase;
> • Audubon fails to acknowledge numerous items in the Salgado estimates are not Hurricane Delta related, are betterments, and are repairs as a result of long-term neglect causing decay;
> • Audubon provides only a visual observation of substances on ceilings to opine it is microbial growth and does not rely on the industry standard of testing to verify the presence of microbial growth; and
> • Audubon fails to inform the homeowner a third-party should establish a mold remediation protocol prior to estimates being obtained.[7]

In addition, Champion remarks that Householder's report contains no exhibits to summarize and support his opinions, and Householder does not hold a mold remediation license or a degree in engineering.

In response, Plaintiff maintains that *Daubert* in not applicable here because there is no expert methodology employed in either Plaintiff's or NationStar's expert reports.  Plaintiff suggests that the experts observed mold in the home with their eyes, saw the water damage and videos depicting water pouring into Plaintiff's home. Thus, no special methodology was needed to report what was seen.

---

[7] Defendant's exhibit A, Expert Report of Alexis Mallet.

As to Plaintiff's expert's qualifications, Plaintiff notes Householder's experience in the construction field. However, the Court is concerned that Householder is not an engineer nor does he hold a license for mold remediation.  As such he is not qualified to testify to any aspect of engineering and mold remediation.   Householder preformed no tests to verify his observations as to microbial growth. To that end, Householder will be allowed to testify as to his visual observations, but not as an expert.  As to the report itself, Householder makes several conclusions without supporting documentation or analysis.  For example, he references a "loss estimate," but  attaches no documents to support his conclusions. The Court will allow Householder to explain his report and observations, but will not allow the report to be considered as an expert report due to its failure to comply with Rule 26(B) of the Federal Rules of Civil Procedure. Accordingly,

**IT IS ORDERED** that Defendant Nationstar Mortgage LLC D/B/A Champion Mortgage's Motion *In Limine* to Exclude and/or Limit the Testimony of Andy Householder" (Doc. 35) is **GRANTED** and Householder will be limited to testifying only as to his observations and to explain his report.

**THUS DONE AND SIGNED** in Chambers on this 18th day of October, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE